UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 21-74** |
| v. | * | **SECTION: "D"** |
| **EVERETT J. DILLON**<br>a/k/a Everette J. Dillon | * | |
| | * | |

\* \* \*

## FACTUAL BASIS

Should this matter have gone to trial, the government would have proved through the introduction of reliable testimony and admissible tangible exhibits, including documentary evidence, the following to support the allegations charged by the government in Count 2 of the Indictment now pending against the defendant, **EVERETT J. DILLON ("DILLON")**, charging him with Possession of Child Pornography in violation of Title 18, United States Code, Sections 2252(a)(4)(b) and (b)(2).

The government would establish that the case against **DILLON** developed as a result of a lead to the Louisiana Bureau of Investigation ("LBI") from the National Center for Missing and Exploited Children. The lead information reported that user "lee3321" with an email address dlegall591@gmail.com uploaded child pornography to the KIK messenger service. Specifically, the lead reflected that the user uploaded videos of children who were toddler aged to approximately ten (10) years of age.

Law enforcement agents, through the use of subpoenas to the internet service provider Eatel, were able to identify the internet service at \*\*\* Doucet Drive, Golden Meadow, LA as the

1



AUSA _____
Defendant _____
Defense Counsel _____

location where the sexually explicit videos were uploaded to KIK. AT&T records established that **DILLON** was associated the \*\*\* Doucet address in Golden Meadow.

On December 1, 2020, Homeland Security Investigations ("HSI") special agents along with the LBI executed a state search warrant at **DILLON's** home in Golden Meadow. Agents advised **DILLON** of his *Miranda* rights and, after waiving his rights, he confessed to possessing, sharing, and trading child pornography. **DILLON** admitted that the KIK account and email address were his and that he stored child pornography on his electronic equipment. **DILLON** told the agents there was a cellular phone located in a hidden space in his residence. **DILLON** provided the password to the phone. **DILLON** said he shared child pornography within KIK groups and that he shared, saved, and traded the images for sexual gratification.

On February 26, 2021, HSI agents obtained a federal search warrant for **DILLON's** computer equipment that was seized pursuant to the state search warrant. During a subsequent search, HSI computer forensic examiners located over 4,000 images and videos depicting the sexual victimization of children on the defendant's AT&T cellular phone. The images and videos depict pre-pubescent girls, including toddlers, engaged in sexual acts with adults.

### Limited Nature of Factual Basis and Conclusion

This proffer of evidence is not intended to constitute a complete statement of all facts known by **DILLON** and/or the government. Rather, it is a minimum statement of facts intended to prove the necessary factual predicate for his guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the plea of guilty to the charged offense by **DILLON**.

The above facts come from an investigation conducted by, and would be proven at trial by credible testimony from, *inter alia*, HSI Special Agents, the victims, other law enforcement



AUSA
Defendant
Defense Counsel

officers, and computer forensic examiners from HSI, as well as from admissible tangible evidence in the custody of HSI.

READ AND APPROVED:

_____  10/26/21
BRIAN M. KLEBBA                  (Date)
Assistant United States Attorney


_____  10/26/2021
ANNALISA MIRON                   (Date)
Counsel for Defendant


_____  10/26/2021
EVERETT J. DILLON                (Date)
Defendant